■ In the Matter of 71 Fifth Avenue Company, Petitioner, v City of New York Department of Finance et al., Respondents.—In this CPLR article 78 proceeding, transferred to this court by order of the Supreme Court, New York County (Ira Gammerman, J.), entered September 9, 1987, the final determination by the respondent Department of Finance, dated June 11, 1987, which upheld a deficiency on annual vault charges and assessed a total of $177,305.21, is annulled, without costs, and the matter remanded for a new inspection and hearing.

The petitioner was assessed for the years 1965 through 1983 in the principal amount of $78,653.80, plus interest of

$93,071.49, and a penalty of $5,579.92 and has posted a bond to cover it.

The vault is underneath the sidewalk adjoining 71 Fifth Avenue, at the southeast corner of 15th Street in Manhattan. The petitioner has owned the building since 1958, first in corporate form and then, since 1964, as a partnership. The respondent Department of Finance discovered, in 1984, that no vault charges had been paid and sent a notice to the petitioner at the wrong address, although the petitioner, in some fashion, received notice.

The vault charge law, enacted in 1962 (Administrative Code of City of New York, tit 11, ch 27 [formerly tit Z]), taxes the privilege of the use, occupation or maintenance of a vault in city streets. To avoid the charge, the Finance Administration requires that it either be covered by a wire mesh screen or a sheetrock partition with an access opening no greater than 3 feet by 3 feet.

The space above the vault is occupied by a tenant, which operates a furniture store. To reach the vault, furniture had to be moved from in front of the only door. The vault contained an oil tank and an electrical meter and was divided into four parts, with four "stanchion" walls. It is clear that there was minimal use of the vault as a whole, although it was all measured for the purpose of assessing the charge. Its condition was such that it could not be used for storage in view of a sewer backwash.

Accordingly, we remand for a further inspection and a hearing to determine whether or not only 1 of the 4 parts, the one containing the only items in the vault, should be considered the only part subject to the vault charge. Concur—Kupferman, J. P., Sullivan, Carro, Kassal and Ellerin, JJ.